IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-1063

Filed 20 February 2024

Wake County, Nos. 18 CRS 215678-79

STATE OF NORTH CAROLINA

v.

ERIC RAMOND CHAMBERS, Defendant.

Appeal by defendant from judgment entered 8 April 2022 by Judge Rebecca W. Holt in Wake County Superior Court. Heard in the Court of Appeals 10 January 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Caden W. Hayes, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi Reiner, for defendant-appellant.*

DILLON, Chief Judge.

Defendant Eric Ramond Chambers appeals from judgments entered following jury verdicts convicting him of certain felonies. Based on precedent from our Supreme Court, we conclude that Defendant's right under our state constitution to a properly constituted jury was violated. Therefore, we vacate Defendant's convictions and remand this case for a new trial.

I.   Background

Defendant was tried for various crimes in connection with a 21 August 2018

shooting at a Raleigh motel which left a man dead and a woman injured. Defendant represented himself at trial.

After jury deliberations began, Juror #5 informed the trial judge that he could not return the next day because of a scheduled doctor's appointment. The trial court dismissed Juror #5, replaced him with an alternate juror, and instructed the jury to begin its deliberations anew with the alternate juror. Defendant was not in the courtroom at the time of the substitution.

The jury found Defendant guilty of first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. He was sentenced to life in prison without the possibility of parole for the murder conviction and 110 to 144 months for the assault conviction.

## II.   Appellate Jurisdiction

Defendant filed a petition for writ of *certiorari*. The State filed a motion to dismiss the appeal. In our discretion, we allow Defendant's petition for writ of *certiorari* to consider the merits of the case and deny the State's motion to dismiss.

## III.   Analysis

Defendant makes several arguments on appeal. We, however, address only his argument that his right to a properly constituted jury was violated, as our resolution of that issue is dispositive. Specifically, for the reasoning below, we agree with Defendant's argument that the trial court's substitution of an alternate juror after jury deliberations had begun constitutes reversible error.

Our North Carolina Constitution provides that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court[.]" N.C. Const. art. I, § 24. Our Supreme Court has interpreted this provision to preclude juror substitution during a trial after the commencement of jury deliberations. *State v. Bunning*, 346 N.C. 253, 255–57, 485 S.E.2d 290, 291–93 (1997).

In *Bunning*, shortly after jury deliberations had begun, a juror informed the court that she could not continue with jury deliberations due to a medical issue; she was, therefore, excused and replaced with an alternate juror. *Id.* at 255, 485 S.E.2d at 291. The trial court then instructed the jury to begin deliberations anew. *Id.* On appeal, our Supreme Court held that the defendant's right under our state constitution to a properly constituted jury was violated by this substitution:

> In this case, the jury verdict was reached by more than twelve persons. The juror who was excused participated in the deliberations for half a day. We cannot say what influence she had on the other jurors, but we have to assume she made some contribution to the verdict. The alternate juror did not have the benefit of the discussion by the other jurors which occurred before he was put on the jury. We cannot say he fully participated in reaching a verdict. In this case, eleven jurors fully participated in reaching a verdict, and two jurors participated partially in reaching a verdict. This is not the twelve jurors required to reach a valid verdict in a criminal case.

*Id.* at 256, 485 S.E.2d at 292.

The present case is strikingly similar to *Bunning*. Here, like in *Bunning*, a juror was excused and replaced with an alternate, after which the trial court

instructed the jury to restart its deliberations. Consequently, following the reasoning in *Bunning*, the verdict here was also impermissibly reached by thirteen people.

Thus, we must apply the *Bunning* analysis to this case and conclude that Defendant's constitutional right to a properly constituted jury of twelve was violated when the trial court substituted an original juror with an alternate juror after the commencement of jury deliberations.

We note Defendant's failure to object to the juror substitution at trial. Notwithstanding, based on Supreme Court precedent, this error is not waivable and is, therefore, appropriately before our Court for review. *See State v. Hudson*, 280 N.C. 74, 78–79, 185 S.E.2d 189, 192 (1971) (ordering a new trial *ex mero motu* when the defendant was convicted by eleven jurors, rather than "by the unanimous consent of twelve jurors[,]" even though the defendant failed to assign the improperly constituted jury as error); *Bunning*, 346 N.C. at 257, 485 S.E.2d at 292 ("A trial by a jury which is improperly constituted is so fundamentally flawed that the verdict cannot stand."). *See also State v. Hardin*, 161 N.C. App. 530, 533, 588 S.E.2d 569, 571 (2003) (holding that the defendant's failure to object to the alternate juror's substitution after the commencement of jury deliberations did not preclude appellate review).

We further note that, in 2021, our General Assembly amended a statute to provide that "[i]f an alternate juror replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew. In no event shall

more than 12 jurors participate in the jury's deliberations." N.C. Gen. Stat. § 15A-1215(a). However, where a statute conflicts with our state constitution, we must follow our state constitution. *Bayard v. Singleton*, 1 N.C. 5 (1787). Our General Assembly cannot overrule a decision by our Supreme Court which interprets our state constitution. *See State ex rel. Martin v. Preston*, 325 N.C. 438, 449, 385 S.E.2d 473, 479 (1989) ("[I]ssues concerning the proper construction and application of North Carolina laws and the Constitution of North Carolina can only be answered with finality by [our Supreme] Court.").[1]

## IV. Conclusion

Under existing precedent, Defendant's right to a properly constituted jury under our state constitution was violated. Accordingly, Defendant is entitled to a new trial. We need not address Defendant's remaining arguments.

NEW TRIAL.

Judges MURPHY and CARPENTER concur.

---

[1] Although not raised by Defendant, we note that federal courts have held that substitution of a juror with an instruction for the jury to begin deliberations anew does not violate the *federal* constitution. *See Claudio v. Snyder*, 68 F.3d 1573, 1575–76 (3d Cir. 1995) (collecting cases). However, our Supreme Court is free to construe our state constitution in a manner which affords rights greater than that afforded under the federal constitution. *State v. Jackson*, 348 N.C. 644, 648, 503 S.E.2d 101, 103–104 (1998) ("States remain free to interpret their own constitutions in any way they see fit, including constructions which grant citizen rights where none exist under the federal Constitution.").